# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RON NIEBRUGGE,<br><br>        Plaintiff,<br><br>vs.<br><br>SEDONA FITNESS COMPANY, LLC,<br>and JOHN DOES 1-10,<br><br>        Defendant. | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No.<br><br>Judge |

## COMPLAINT

COMES NOW, Plaintiff Ron Niebrugge, who states his claim against Sedona Fitness Company, LLC, as follows:

### JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Sedona Fitness Company, LLC ["Sedona"] by virtue of its transacting, doing, and soliciting business in this District, because a substantial part of the relevant events occurred in this district, and because a substantial part of the property that is the subject of this action is situated here.

3. Venue is Proper under 28 U.S.C. §§ 1391(b)(2) and (c) and 1400(a).

### THE PARTIES TO THIS COMPLAINT

4. Plaintiff Ron Niebrugge [hereinafter "Niebrugge"] is an individual residing in the state of Alaska at 509 Ballaine Boulevard, Seward, Alaska, 99664.

5. Sedona, on information and belief, is a for-profit corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma.

6. Sedona may be served through its registered agent, Thomas M. Klenda, 15 E. 5th Street, Suite 3900, Tulsa, OK 74103.

7. Plaintiff does not know the true names of defendants John Does 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and, on the basis of that information and belief, alleges that each of those defendants in some manner infringed on Plaintiff's copyrights and/or proximately caused Plaintiff's damages.

## OPERATIVE FACTS

8. Niebrugge is owner of Niebrugge Images and a professional photographer, specializing in wildlife, landscape, and travel photography.

9. On or about September 8, 2006, Niebrugge entered into an agreement with Sedona concerning a license for the printed use of six (6) photographs ["Photographs"] taken by Niebrugge by Sedona in Sedona's gyms for $200 each ["Contract"].

10. On or about September 8, 2006, Niebrugge sent Sedona the electronic files for the Photographs for printing.

11. On September 11, 2006, Niebrugge emailed Sedona to confirm the mailing of the electronic files for the Photographs.

12. Sedona used and continues to use the printed Photographs in Sedona's gyms.

13. To date, Sedona has not paid Niebrugge for the use of the printed Photographs.

14. Niebrugge has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended, and all other laws and regulations governing copyrights, and has se-

cured the exclusive rights and privileges in and to the copyrights for three of the Photographs used by Sedona. The Register of Copyrights for the U.S. Copyright Office issued Niebrugge valid Certificate of Copyright Registration (VAu692-931) for three (3) of the photos at issue (photos 051027-086, 051028-155, and 051027-003) ["Registered Photographs"], effective February 24, 2006.

## FIRST CAUSE OF ACTION

(Copyright Infringement for Registered Photographs)

15. Niebrugge realleges and incorporates by reference Paragraphs 1 through 14 above.

16. Sedona reproduced and displayed in its facilities the Registered Photographs without authorization ["Infringement"].

17. Sedona's conduct violates the exclusive rights belonging to Niebrugge as owner of the copyright for the Registered Photographs, including without limitation, Niebrugge's exclusive rights under 17 U.S.C. § 106.

18. As a direct and proximate result of its wrongful conduct, Sedona has realized and continues to realize profits and other benefits rightfully belonging to Niebrugge for the Registered Photographs. Accordingly, Niebrugge seeks an award of actual damages plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

19. In the alternative, Niebrugge is entitled to and seeks statutory damages for infringement of the Registered Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

20. The Infringement by Sedona was willful and performed with knowledge that the use of the Registered Photographs was unauthorized; Niebrugge is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504.

## SECOND CAUSE OF ACTION

(Breach of Contract)

21. Niebrugge realleges and incorporates by reference Paragraphs 1 through 20 above.

22. Sedona breached the Contract when it used the Photographs without payment.

23. Sedona continues to breach the Contract by displaying and publishing the Photographs despite notification by Niebrugge of Sedona's breach of contract.

24. Niebrugge has rendered substantial services to Sedona and has suffered substantial damages as a result of the rendering of these services and the subsequent breach of contract by Sedona.

25. Sedona is liable to Niebrugge for compensatory damages, lost profits, interest and any other damages and relief to which Niebrugge may be entitled based on Sedona's breach of the contract.

26. Accordingly, Niebrugge seeks an award of compensatory damages and interest for the Photographs due to the breach of Contract.

WHEREFORE Plaintiff prays for judgment as follows:

1. Declare that Sedona's unauthorized conduct violates Niebrugge's rights under common law and the Federal Copyright Act;

2. Order Sedona to account to Niebrugge for all gains, profits, and advantages derived by Sedona through its Infringement of Niebrugge's Registered Photographs; or such damages as are proper;

3. Award Niebrugge profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) for the Registered Photographs; alternatively, maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Award Niebrugge maximum statutory damages in the amount of $150,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(2) for the Registered Photographs; or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Award Niebrugge his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505;

6. Award Niebrugge compensatory damages for breach of contract, including interest and penalties for the Photographs; and

7. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing counts.

This 19th day of May, 2008.

    Respectfully submitted,

    **ABINGTON INTELLECTUAL PROPERTY LAW GROUP, PC**

    By: /Cornelius P. Dukelow/
        Cornelius P. Dukelow, OBA No. 19086
        10026-A S. Mingo Road, No. 240
        Tulsa, Oklahoma 74133-5700
        918.5881.3400 (*telephone*)

800.969.6570 (*facsimile*)
cdukelow@abingtonlaw.com

*Attorneys for Plaintiff,*
*Ron Niebrugge*